UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KRISTIN BOWEN and
MICHELLE BISHOP,

    Plaintiffs,

-vs-

CAPITAL VACATIONS, LLC,

    Defendant.

CASE NO.:

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COME NOW Plaintiffs, Kristin Bowen and Michelle Bishop (hereinafter "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, Capital Vacations, LLC (hereinafter "Defendant"), and in support thereof respectfully allege violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

**INTRODUCTION**

1. The TCPA was enacted to prevent companies like Defendant from invading American citizen's privacy and prevent abusive "robo-calls."

2. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably

intended to give telephone subscribers another option: telling the auto-dialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

## JURISDICTION AND VENUE

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

4. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

5. The alleged violations described herein occurred in Duval County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2) as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6. Plaintiff, Kristin Bowen, is a natural person and citizen of the State of Florida residing in Duval County, Florida.

7. Plaintiff, Michelle Bishop, is a natural person and citizen of the State of Florida residing in Duval County, Florida.

8. Plaintiff, Kristin Bowen, is a "consumer" as defined in Florida Statute § 559.55(8).

9. Plaintiff, Michelle Bishop, is a "consumer" as defined in Florida Statute § 559.55(8).

10. Plaintiff, Kristin Bowen, is an "alleged debtor."

11. Plaintiff, Michelle Bishop, is an "alleged debtor."

12. Plaintiff, Kristin Bowen, is the "called party" as to calls she received to her cellular telephone. See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Plaintiff, Michelle Bishop, is the "called party" as to calls she received to her cellular telephone. See *Breslow v. Wells Fargo Bank, N.A.,* 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.,* 746 F.3d 1242 (11th Cir. 2014).

14. Defendant is a corporation with its principal place of business located at 9654 N. Kings Highway, Suite 101, Myrtle Beach, South Carolina 29572, and which conducts business in the State of Florida through its registered agent, Registered Agents, Inc., located at 7901 4th Street North, Suite 300, St. Petersburg, Florida 33702.

15. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6) as it pertains to a vacation time-share property.

16. Defendant is a "creditor" as defined in Florida Statute §559.55(5).

17. Defendant called each Plaintiff on each Plaintiffs' specific cellular telephone approximately one hundred fifty (150) times in an attempt to collect a debt.

18. Defendant attempted to collect an alleged debt from the Plaintiffs by this campaign of telephone calls to the Plaintiffs' specific cellular telephones.

19. Some or all of the calls the Defendant made to Plaintiffs' cellular telephone numbers were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or pre-recorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "auto-dialer calls").

20. Plaintiffs will each testify that they knew that it was an auto-dialer that called them because of the vast number of calls they received and also because they each heard a pause when they answered their phones before a voice came on the line. This is a commonly known indicator of the use of an automatic telephone dialing system as the call was initiated by a computer and then transferred to an available agent once the called party answered. This transfer results in a brief pause between the call being answered and the agent being connected to the call.

21. Based on the allegations above, Plaintiffs believe that the calls were made using equipment which has the capacity to store numbers to be called and to dial such numbers automatically with no human being involved at the time of dialing.

22. Plaintiff, Kristin Bowen, is the subscriber, regular user, and carrier of the cellular telephone number (904) ***-9325 and was the called party and recipient of Defendant's calls as to that telephone number.

23. Plaintiff, Michelle Bishop, is the subscriber, regular user, and carrier of the cellular telephone number (904) ***-6086 and was the called party and recipient of Defendant's calls to that telephone number.

24. Defendant placed an exorbitant number of autodialed calls to Plaintiffs' cellular telephone numbers (904) ***-9325 and (904) ***-6086 in an attempt to collect a debt associated with a vacation time-share property.

25. Plaintiffs received automated calls from phone numbers including, but not limited to: 855-761-9225; when that number is dialed, a pre-recorded message plays and identifies the number as belonging to Defendant.

26. On several occasions since the Defendant began calling the Plaintiffs in early 2019, Plaintiffs have instructed Defendant's agent(s) to "stop calling" their respective cellular telephone numbers.

27. Within the first few days after the calls began, Plaintiff, Kristin Bowen answered a call from Defendant. During this call, Plaintiff, Michelle Bishop was also present. At that time, Kristin Bowen advised Defendant to "please stop calling" the parties respective cellular telephone numbers as they dispute owing the debt and do not wish to receive further communications about the alleged debt.

28. On or about March 30, 2019, Plaintiff, Kristin Bowen again answered a call from Defendant and requested that the calls to her cellular telephone stop. In response, Defendant's agent said, "No. You owe us money."

29. Despite clear requests from each Plaintiff for Defendant to stop auto-dialing the Plaintiffs' cellular telephone numbers, Defendant has gone on to call each

Plaintiff approximately one hundred fifty (150) times in violation of the TCPA and FCCPA.

30. Defendant has called the Plaintiffs on their cellular telephones up to five (5) times in a single day and on back-to-back days at a frequency that could be reasonably expected to harass the alleged debtor.

31. Not a single call placed by Defendant to either Plaintiff was placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. Defendant willfully and/or knowingly violated the TCPA with respect to Plaintiffs by calling the Plaintiffs after they clearly revoked consent to receive calls from Defendant's automatic telephone dialing system.

33. From each and every call placed without consent by Defendant to Plaintiffs' cellular telephones, each Plaintiff suffered the injury of invasion of privacy and the intrusion upon her right of seclusion.

34. Each and every call placed without express consent by Defendant to Plaintiffs' cellular telephones resulted in the injury of unnecessary expenditure of each Plaintiff's cellular telephone battery power.

35. As a result of the calls described above, Plaintiff, Kristin Bowen suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anger, worry, and frustration.

36. As a result of the calls described above, Plaintiff, Michelle Bishop suffered an invasion of privacy. Plaintiff was also affected in a personal and individualized way by stress, anger, worry, and frustration.

## COUNT I
### (Violation of the TCPA as to Kristin Bowen)

37. Plaintiff fully incorporates and re-alleges paragraphs 1 (one) through 36 (thirty-six) as if fully set forth herein.

38. Defendant willfully violated the TCPA with respect to Plaintiff, Kristin Bowen, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

39. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Kristin Bowen respectfully demands a trial by jury on all issues so triable and judgment against Capital Vacations, LLC, for statutory damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA as to Kristin Bowen)

40. Plaintiff fully incorporates and re-alleges paragraphs 1 (one) through 36 (thirty-six) as if fully set forth herein.

41. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

7

42. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

43. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Kristin Bowen respectfully demands a trial by jury on all issues so triable and judgment against Capital Vacations, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT III
### (Violation of the TCPA as to Michelle Bishop)

44. Plaintiff fully incorporates and re-alleges paragraphs 1 (one) through 36 (thirty-six) as if fully set forth herein.

45. Defendant willfully violated the TCPA with respect to Plaintiff, Michelle Bishop, specifically for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified Defendant that she wished for the calls to stop.

46. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff, Michelle Bishop respectfully demands a trial by jury on all issues so triable and judgment against Capital Vacations, LLC, for statutory

damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT IV
### (Violation of the FCCPA as to Michelle Bishop)

47. Plaintiff fully incorporates and re-alleges paragraphs 1 (one) through 36 (thirty-six) as if fully set forth herein.

48. At all times relevant to this action Defendant is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

49. Defendant has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

50. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff, Michelle Bishop respectfully demands a trial by jury on all issues so triable and judgment against Capital Vacations, LLC, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,


*/s/Frank H. Kerney, III, Esquire*
Frank H. Kerney, III, Esquire
Florida Bar #: 88672
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 223-5402
fkerney@forthepeople.com
snazario@forthepeople.com
mmartinez@forthepeople.com
*Counsel for Plaintiffs*